UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IVAN L. RODRIGUEZ,

    Plaintiff,

v.                               Case No.  8:11-CV-1244-T-30AEP

DAVID GEE, et al.,

    Defendants.
_____/

**ORDER**

Plaintiff is a prisoner confined at Hillsborough County Jail, Tampa, Florida. He initiated this action by filing, *pro se*, a civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). Plaintiff also filed a motion for leave to proceed *in forma pauperis* (Dkt. 2) which was granted (see Dkt. 5).

Plaintiff names David Gee, the Sheriff of Hillsborough County, Florida, Hillsborough County Jail, Paul Adee, and FNU Shout as defendants in this action. Because Plaintiff is seeking redress from governmental employees or entities, the Court has undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A. In pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

The procedure required by § 1915A is, by its terms, a screening process to be applied sua sponte.

## Discussion

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys"). A Plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. "[E]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . . or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *See also, Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

"Rule 8(a)(2) requires that a pleading contain a 'short and plain statement of the claim' showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2). Federal Rule of Civil Procedure 10(b) requires that the averments of a claim 'shall be made in numbered

2

paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances...[and] each claim found upon a separate transaction or occurrence . . . shall be stated in a separate count.'" Fed.R.Civ.P. 10(b). *Heard v. Nix*, 170 Fed. Appx. 618, 619 (11th Cir. 2006).

The Court has scrupulously reviewed the Complaint and concludes that it is the equivalent of a "shotgun pleading" because, having reviewed the Complaint, "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *See Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996); *see also Beckwith v. Bellsouth Telecommunications Inc.*, 146 Fed. Appx. 368, 371 (11th Cir. 2005) (stating that a "shotgun pleading" is a pleading in which a plaintiff fails "to identify claims with sufficient clarity"). Plaintiff's Complaint not only fails to specify what factual allegations support what claim, but also fails to specify the claims themselves. Plaintiff has not identified his claims with sufficient clarity to enable the defendants to frame a responsive pleading. Moreover, the Court cannot decipher Plaintiff's claims.

Instead of deciphering a shotgun pleading, it is this Court's duty to strike the pleading on its own initiative, and require Plaintiff to replead the claims to the extent possible under Rule 11, Federal Rules of Civil Procedure. *See Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997) (admonishing district court for not striking shotgun complaint on its own initiative). *See also United States ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006) ("When faced with a shotgun pleading, the trial court, whether or not requested

to do so by the party's adversary, ought to require the party to file a repleader.").

## Leave to Amend

Within 30 days from the date of this Order, Plaintiff may submit an amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing an amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Amended Complaint." The amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference.  **An amended complaint supersedes the original complaint, and all claims must be raised in the amended complaint**.

Plaintiff should carefully review the foregoing to determine whether he wishes to proceed with this action and can state a claim for relief. Plaintiff *__must__* limit his allegations in his amended complaint to claims related to the same basic incident or issue that is the subject of the initial complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts.  The "Relief Requested" section, Plaintiff shall identify the form

of relief he seeks from this Court. Finally, Plaintiff should drop Hillsborough County Jail as a named defendant in this action. The Hillsborough County Jail is not a legal entity amenable to suit. *See Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (holding that county jails are not legal entities amenable to suit).

ACCORDINGLY, the Court **ORDERS** that:

1. Plaintiff's complaint (Dkt. 1) is **DISMISSED** without prejudice. Plaintiff has **thirty (30) days** from the date of this Order to file an amended complaint in compliance with this Order.

2. If Plaintiff fails to file an amended complaint within 30 days, the Clerk of Court *shall, without further notice, enter a judgment of dismissal of this action with prejudice*.

3. The **Clerk of Court** is directed to mail a Civil Rights Complaint Form to Plaintiff with his copy of this order.

**DONE** and **ORDERED** in Tampa, Florida on June 27, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff