UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IVAN L. RODRIGUEZ,

    Plaintiff,

v.                                                Case No.  8:11-CV-1244-T-30AEP

DAVID GEE, et al.,

    Defendants.
_____/

## ORDER

Before the Court is Plaintiff's "Order to Show Cause for an [sic] Preliminary Injunction & Temporary Restraining Order" ("motion") (Dkt. 7) in which Plaintiff requests the Court issue either a preliminary injunction or temporary restraining order prohibiting Defendants from continuing to: 1) house Plaintiff in "lockdown;" 2) charge him with false disciplinary sanctions; 3) deprive him of "communication with the outside world and canteen items, phone, visits ext. [sic];" and 4) taunt, threaten or use unnecessary force on him (Id.).

**Analysis**

Plaintiff has not served a copy of his motion on Defendants. Consequently, the Court construes the motion as seeking a temporary restraining order under Fed. R. Civ. P. 65(b). Plaintiff, however, has not certified to the Court the efforts, if any, which have been made "to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). Further, under Local Rule 4.05(a), "[s]uch orders will be entered only in emergency cases

to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction." Moreover, Plaintiff has not provided "specific facts in an affidavit or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition[.]" Fed. R. Civ. P. 65(b)(1)(A); Local Rule 4.05(b).

The Court has reviewed Plaintiff's motion and is of the opinion that Plaintiff has failed to comply with the strictures of Fed.R.Civ.P. 65 and Rules 4.05 and 4.06, Local Rules of the United States District Court, Middle District of Florida.

Plaintiff fails to demonstrate that he was in danger of any immediate risk of substantial or irreparable harm when he filed his motion, and has also failed to establish that an emergency situation exists which requires immediate intervention by the Court. Therefore, the Court will not grant *ex parte* relief without Defendants being afforded notice and an opportunity to respond to Plaintiff's motion.

To the extent Plaintiff seeks a preliminary injunction, he must demonstrate that: (1) he has a substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to him outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest. *Am. Civil Liberties Union of Fla., Inc. v. Miami-Dade Cnty. Sch. Bd.*, 557 F.3d 1177, 1198 (11th Cir. 2009) (citation omitted). "'A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly

establishes the burden of persuasion as to the four requisites.'" *Id*. (quoting *All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989)).  At this time, Plaintiff has not demonstrated that he has a substantial likelihood of success on the merits, and that he will suffer irreparable injury without the injunction he seeks.[1]

ACCORDINGLY, the Court **ORDERS** that Plaintiff's motion (Dkt. 7) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on July 6, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: *Pro se* Plaintiff

---

[1] Plaintiff may file a petition for writ of habeas corpus to request release from administrative segregation. *See Streeter v. Hopper*, 618 F.2d 1178, 1180-81 (5th Cir. 1980) ("Plaintiffs' original complaint, seeking release from the imposition of administrative segregation without due process, would be appropriately treated as a habeas corpus petition...") (citation omitted).