**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

IVAN L. RODRIGUEZ,

      Plaintiff,

v.                                      Case No.  8:11-CV-1244-T-30AEP

DAVID GEE, et al.,

      Defendants.

_____/

**ORDER**

Plaintiff is a pre-trial detainee confined at Hillsborough County Jail, Tampa, Florida.

He initiated this action by filing, *pro se*, a civil rights complaint pursuant to 42 U.S.C. § 1983

(Dkt. 1).  Plaintiff also filed a motion for leave to proceed *in forma pauperis* (Dkt. 2) which

was granted (see Dkt. 5).  Now before the Court is Plaintiff's amended complaint (Dkt. 12).

In his amended complaint, Plaintiff names David Gee, the Sheriff of Hillsborough

County, Florida, Lt. Shariffe, Capt. Paul Adee, and FNU Shout as defendants in this action.

Because Plaintiff is seeking redress from governmental employees or entities, the Court has

undertaken the mandatory screening of his complaint pursuant to 28 U.S.C. § 1915A.  In

pertinent part, § 1915A provides:

> (a) Screening.--The court shall review, before docketing, if
> feasible or, in any event, as soon as practicable after docketing,
> a complaint in a civil action in which a prisoner seeks redress
> from a governmental entity or officer or employee of a
> governmental entity.

(b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint -- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

The procedure required by § 1915A is, by its terms, a screening process to be applied sua sponte.

## Discussion

Pleadings drafted by laymen are to be interpreted by application of less rigid standards than those applied to formal documents prepared by lawyers. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (holding that "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys").  A Plaintiff is not required to prove his claim in his complaint, but he must allege sufficient facts in the complaint which, when viewed in the light most favorable to him, support the conclusion that he may be able to establish that he is entitled to the relief he seeks. "[E]ven in the case of pro se litigants . . . leniency does not give a court license to serve as de facto counsel for a party, . . .or to rewrite an otherwise deficient pleading in order to sustain an action." *GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998). *See also, Pontier v. City of Clearwater, Fla.*, 881 F. Supp. 1565, 1568 (M.D. Fla. 1995).

In his amended complaint, Plaintiff essentially alleges that since January 14, 2011, Defendants have housed him in "lockdown."  He asserts that he was placed, and has been forced to remain in "lockdown" without due process.  He further asserts that while in

"lockdown," he has "suffer[ed] many hardships, degradation, loss, gross use of force and even torture." (Dkt. 12 at 9). He also alleges that when he was moved to "lockdown," he suffered the loss of some of his personal property (Id. at 8).

Plaintiff asserts Defendants' actions have violated his rights under the First, Eighth, Fifth, and Fourteenth Amendments to free speech and due process, and to be free from cruel and unusual punishment. As relief, Plaintiff requests immediate release from "lockdown," and compensatory, punitive, and nominal damages (Id. at 10).

## Analysis

### Cruel and Unusual Punishment Claim

As a pre-trial detainee, Plaintiff's claims of cruel and unusual punishment sound properly in the Fourteenth Amendment right to due process of law rather than in the Eighth Amendment. *See Taylor v. Adams*, 221 F.3d 1254, 1257 n.3 (11th Cir. 2000), *cert. denied*, 531 U.S. 1077 (2001) (citing omitted). Nevertheless, his claims regarding the conditions of his confinement are analyzed in identical fashion regardless of whether they arise under the Due Process Clause or the Cruel and Unusual Punishment Clause. *See id.* (citations omitted).

To establish an Eighth Amendment claim, Plaintiff must show that the condition he complains of is sufficiently serious to violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). "[M]ere discomfort, without more, does not offend the Eighth Amendment." *Chandler v. Crosby*, 379 F.3d 1278, 1295 (11th Cir. 2004). Plaintiff also must show that Defendants knew of and disregarded an excessive risk to his health or safety. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

Thus, to the extent Plaintiff complains only of remaining in "lockdown," he has failed to state a claim. Plaintiff should clarify in his second amended complaint the conditions of his confinement that deprive him of "basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. *See Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Moreover, Plaintiff's facts must demonstrate that the conditions of which he complains pose an unreasonable risk of serious damage to his future health, and he must allege facts showing how each named Defendant was deliberately indifferent to an excessive risk of harm.[1]

**Due Process Claim**

Plaintiff alleges that his placement and retention in "lockdown" violates his rights to due process. The Due Process Clause does not directly protect an inmate from changes in the conditions of his confinement, as long as the condition to which the prisoner is subjected is not otherwise violative of the Constitution or outside the sentence imposed upon him. *Chandler v. Baird*, 926 F.2d 1057, 1060 (11th Cir. 1991) (citing *Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Montanye v. Haymes*, 427 U.S. 236, 242 (1976)). Due process is required only if a person is deprived of an interest protected by the Due Process Clause. In *Sandin v. Conner*, 515 U.S. 472 (1995), the Supreme Court held that inmates may be deprived of a liberty interest only if the manner or character of their confinement amounts to a "dramatic

---

[1]In conclusory fashion, Plaintiff alleges that while in "lockdown," he has "suffer[ed] many hardships, degradation, loss, gross use of force and even torture." He presents no facts, however, indicating what those hardships and losses are, or who has inflicted excessive force on, or tortured him. Conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not insulate a complaint from dismissal. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

departure from the basic conditions of [the inmate's] sentence." 515 U.S. at 486.  The Court

limited the field to those deprivations that "exceed[] the sentence in such an unexpected

manner as to give rise to protection by the Due Process Clause of its own force" or those that

"impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents

of prison life." *Id*.

Plaintiff has failed to allege any facts demonstrating that the conditions of his

confinement in "lockdown" are outside the normal range and limits of custody, or present an

atypical and significant hardship on Plaintiff such that due process protections are implicated.

Accordingly, he fails to state a claim upon which relief may be granted.

**First Amendment Claim**

Plaintiff appears to allege that his rights under the First Amendment were violated

when "he was refused a grievance."  (Dkt. 12 at 8).  "The Constitution creates no entitlement

to grievance procedures or access to any such procedure voluntarily established by a state."

*Adams v. Rice*, 40 F.3d 72, 75 (4th Cir. 1994) (citing *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.

1991); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.), *cert. denied*, 488 U.S. 898 (1988)).

Accordingly, Plaintiff's First Amendment claim fails to state a claim upon which relief can

be granted.

**Loss of Property Claim**

Plaintiff alleges that as a result of his confinement in "lockdown," he was forced to

leave behind some of his property, which was thereafter lost.  To the extent Plaintiff asserts

that Defendants negligently deprived him of his property, "the Due Process Clause is simply

not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property." *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original).

To the extent Plaintiff alleges that Defendants intentionally deprived him of his property, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Taylor v. McSwain*, 335 Fed. Appx. 32, 34 (11th Cir. 2009) (unpublished opinion) ("[A] state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.") (citing *Hudson*, 468 U.S. at 533). Therefore, "a prisoner's cause of action based on unauthorized deprivation of property by a state actor is not actionable under section 1983 unless there is no adequate post-deprivation remedy available." *Laufgas v. Speziale*, 263 F. App'x 192, 198 (3d Cir. 2008).

Plaintiff does not allege that the remedies under Florida law are inadequate. Further, "[u]nder the law of Florida, 'law enforcement officers may be liable for conversion' for the seizure or retention of personal property." *Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) (quoting *E.J. Strickland Constr., Inc. v. Dep't of Agric. & Consumer Servs. of Fla.*, 515 So. 2d 1331, 1335 (Fla. 5th DCA1987)).

Accordingly, Plaintiff's loss of property claim fails to state a claim upon which relief can be granted.

6

**Leave to Amend**

Within 30 days from the date of this Order, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail Plaintiff a court-approved form to use for filing a second amended complaint. If Plaintiff fails to use the court-approved form, the Court may strike the second amended complaint and dismiss this action without further notice to Plaintiff.

Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint." The second amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. **The second amended complaint supersedes the original and amended complaints, and all claims must be raised in the second amended complaint**.

Plaintiff should carefully review the foregoing to determine whether he wishes to proceed with this action and can state a claim for relief. Plaintiff ***must*** limit the allegations in the second amended complaint to claims related to the same basic incident or issue that is the subject of the amended complaint, and name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff should clearly describe how each named Defendant is involved in each alleged constitutional violation, alleging the claims as to each Defendant in separately numbered paragraphs and including specific dates of the alleged illegal acts. In the "Relief Requested" section, Plaintiff shall identify the form of relief he seeks from this Court.

ACCORDINGLY, the Court **ORDERS** that:

1.      Plaintiff's amended complaint (Dkt. 12) is **DISMISSED** without prejudice. Plaintiff has **thirty (30) days** from the date of this Order to file a second amended complaint in compliance with this Order.

2.      If Plaintiff fails to file a second amended complaint within 30 days, this case will be dismissed.

3.      The **Clerk of Court** is directed to mail a Civil Rights Complaint Form to Plaintiff with his copy of this order.

**DONE** and **ORDERED** in Tampa, Florida on September 8, 2011.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: *Pro Se* Plaintiff